# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**JENNIFER CASTRO,**

      **Plaintiff,**

**vs.**                                                            **Case No. 4:21cv52-WS-MAF**

**WARDEN STRONG,**

      **Defendant.**

_____/

## ORDER and REPORT AND RECOMMENDATION

Pro se Plaintiff Jennifer Castro initiated this case on January 25, 2021, by submitting a document entitled as a "petition for habeas corpus relief," ECF No. 1, purportedly pursuant to 28 U.S.C. § 2241. She was incarcerated at the Federal Correctional Institution in Tallahassee, Florida, at the time of filing. Shortly after case initiation, Plaintiff filed a motion for preliminary injunction, ECF No. 5, and paid the filing fee, ECF No. 7.

Plaintiff's "petition," ECF No. 1, was deemed to be a civil rights complaint since she was not seeking release from prison but, rather, she was challenging the denial of visitation with her children on First

Amendment grounds.[1]  As relief, Plaintiff seeks permission to have "video visits with her children."  *Id.* at 2.  The complaint and motion for preliminary injunction were served on the Defendant in late March 2021, ECF No. 16. In late May 2021, Plaintiff filed a notice of change of address, ECF No. 20, advising that she had been transferred to FDC Miami for an upcoming hearing in late June 2021.  On July 1, 2021, Defendant Strong filed an amended motion to dismiss, ECF No. 25, along with a motion to stay ruling on Plaintiff's motion for preliminary injunction or, alternatively, a request for an extension of time in which to respond to that motion, ECF No. 26.

Nothing has been filed to indicate that Plaintiff did not receive either Defendant's amended motion to dismiss or the motion to stay.  However, an Order was entered on July 6, 2021, granting Defendant's request to stay ruling on Plaintiff's motion for a preliminary injunction pending consideration of the amended motion to dismiss.  ECF No. 27.  Importantly,

---

[1] In a similar case, a federal prisoner filed a § 2241 petition seeking a court order requiring "FCI Pekin 'to install video visitation per The Cares Act during" the COVID-19 pandemic.  Garrison v. Warden, FCI Pekin, No. CV 21-1060, 2021 WL 1725940, at *1 (C.D. Ill. Mar. 10, 2021).  The court dismissed the action, finding that because petitioner sought "relief that does not affect the fact or duration of his confinement, his claim [was] inappropriate for consideration under § 2241."  Garrison, 2021 WL 1725940, at *1. Rather than initially dismissing this case, it was construed instead as a civil rights action.  ECF No. 3.

Case No. 4:21cv52-WS-MAF

Defendant stated "upon information and belief," that there was no urgency in ruling on that motion as Plaintiff was "not currently held at FCI-Tallahassee so there [was] no immediate need for the injunctive relief sought."  ECF No. 26 at 2.  That Order also directed Plaintiff to file a response to Defendant's amended motion to dismiss, ECF No. 25, by August 6, 2021.  ECF No. 27.

On August 17, 2021, this Court received a mail return for the July 6th Order, ECF No. 27.  ECF No. 28.  The mail return includes one postal stamp that says: "return to sender - not deliverable as addressed - unable to forward," and another stamp (which appears to be a B.O.P. stamp) which says: "return to sender not at this address" and "package authorization not on file - unidentifiable name or register number address[2] - no greeting cards or stock cards."  ECF No. 28.

It is unknown why it took a remarkable 6 weeks for the mail to be returned to the Court, but it now appears that Plaintiff never received the Order, ECF No. 27.  It is also unknown why mail to Plaintiff would be

---

[2] Plaintiff's "Reg. No." is 16012-104.  ECF No. 1 at 4.  At the time her complaint was filed, she was housed at FCI Tallahassee.  *Id.*

Case No. 4:21cv52-WS-MAF

returned to the Court when the Bureau of Prisons' website[3] indicates that

Plaintiff Jennifer Castro, Reg. No. 16012-104, is housed at FDC Miami.

The Order was mailed to Plaintiff at the FDC Miami address she provided,

*see* ECF No. 20, and was the same address listed in Defendant's

certificate of service for the amended motion to dismiss, ECF No. 25 at 8,

and the motion to stay, ECF No. 26 at 3.  Furthermore, Plaintiff has not

filed another notice of change of address.  Indeed, nothing has been

received from Plaintiff since she submitted her change of address on May

27, 2021.  ECF No. 20.

The docket reveals that on August 18, 2021, the Clerk's Office re-

mailed the Order, ECF No. 27, to Plaintiff at the "BOP mailing address for

inmate" Jennifer Castro.  ECF No. 28.  The Court has confirmed that the

address for that facility is 33 NE 4th St, Miami, FL 33132, just as Plaintiff

provided in her notice of address change, ECF No. 20 at 1.  It is unknown

whether Plaintiff will receive that second mailing, however, because it has

been sent to the same address used in originally mailing the Order, ECF

No. 27.

---

[3] The Court has reviewed the "inmate locator" section of the Bureau of Prisons' website which shows that Jennifer Castro, register number 16012-104, is located at Miami FDC.

Case No. 4:21cv52-WS-MAF

Additionally, it is not clear whether Plaintiff will receive this Order and Report and Recommendation.  If she does, Plaintiff is required to immediately file a response to this Court confirming her receipt.

Furthermore, because Plaintiff did not receive the prior Order, ECF No. 27, she will be given additional time in which to respond to the Defendant's amended motion to dismiss, ECF No. 25.  Plaintiff has until **September 24, 2021**, to do so.  Plaintiff is reminded that pursuant to the Local Rule 7.1(E), a party opposing a motion must file a memorandum in opposition.  If Plaintiff opposes Defendant's request to dismiss this case, that fact must be made clear in Plaintiff's response.[4]  Plaintiff is advised that the Court may grant Defendant's motion "by default" if Plaintiff "does not file a memorandum as required by this rule."  N.D. Fla. Loc. R. 7.1(H). On the other hand, if Plaintiff agrees that the motion to dismiss should be granted, she should file a response clearly stating her position.

**Plaintiff's motion for a Preliminary Injunction, ECF No. 5**

---

[4] Notably, Defendant Strong advised that Plaintiff was not consulted regarding the motion to dismiss, but then also stated "Plaintiff does consent to this motion."  ECF No. 25 at 7.  Because those statements are contradictory, it is unclear whether Plaintiff consents to, or opposes, the amended motion to dismiss.

Case No. 4:21cv52-WS-MAF

Although Defendant's amended motion to dismiss, ECF No. 25, is pending, and notwithstanding that Defendant's motion to stay, ECF No. 26, was granted, ECF No. 27, it no longer appears necessary to delay ruling on Plaintiff's motion for a preliminary injunction, ECF No. 5. That motion has been pending for over six (6) months and, for the reasons stated below, it is recommended that Plaintiff's motion be denied.

Plaintiff's motion requested an Order which would require Warden Strong to allow her to have "video visits" with her immediate family, including her children. ECF No. 5 at 1. Plaintiff said that prison officials had not allowed her to do so because she is incarcerated on a sex trafficking offense. *Id.* Plaintiff also explained that "FCI-Tallahassee is on a complete, quarantine lockdown" and, thus, she could only have video visits, not in person visits. *Id.*

As explained above, Plaintiff is no longer housed at FCI Tallahassee; she is in Miami, Florida. The general rule is that a prisoner's transfer moots a request for injunctive relief. McKinnon v. Talladega Cty., 745 F.2d 1360, 1363 (11th Cir. 1984) (cited in Rau v. Moats, 772 F. App'x 814, 817 (11th Cir. 2019)). Although it is possible that Plaintiff may be returned to Tallahassee, that is not a certainty. At any rate, should Defendant's

amended motion to dismiss be denied and Plaintiff ultimately be successful

in this case, she would receive the relief she seeks in her motion for

preliminary injunction in the usual course of litigation - at the end of the

case.

Secondly, it does not appear that an injunction is necessary from this

Court to resolve Plaintiff's issue with video visitation.  Initially, it is noted

that Defendant had been unable "to verify whether the challenged policy

actually exists and remains in place."  ECF No. 26 at 2.  Moreover, judicial

notice is taken of Plaintiff's criminal case in the United States District Court

for the Southern District of Florida - case number 0:16-cr-60350-WPD.

Plaintiff filed a motion in her criminal case seeking access to the Corrlinks

email and video system due to the COVID-19 pandemic.  ECF No. 209 of

that case.  Plaintiff was incarcerated in Tallahassee at that time.  ECF No.

209 at 1.  The Government responded to Plaintiff's motion by stating that

while "it would normally object to a defendant convicted of sex trafficking

have access to the internet or children, the government does not have an

objection to Castro's request."  ECF No. 211 at 2 of that case.  On July 15,

2020, United States District Judge William P. Dimitrouleas granted

Plaintiff's motion and recommended that Plaintiff Jennifer Castro "have

access to the Corrlinks System to contact her children."  ECF No. 212.

That Order was mailed to Plaintiff at FCI Tallahassee.  Although Plaintiff's

initial complaint stated that Defendant Strong had disregarded the

sentencing court's recommendation, *see* ECF No. 1 at 2, there is no

indication that Plaintiff is not currently being provided the relief she seeks

since she is no longer housed in Tallahassee.

In addition, judicial notice is also taken of a new Regulation which

was created pursuant to the CARES Act "with respect to the coronavirus

disease (COVID–19)" and its impact on the Bureau of Prisons.  28 C.F.R.

§ 540.106(a).  The provision permits the Bureau, "on a case-by-case

basis," to "authorize inmates to conduct visitation through video

teleconferencing and telephonically, free of charge . . . ."  28 C.F.R.

§ 540.106(a).  That provision became effective June 22, 2020, and appears

to permit the relief Plaintiff seeks.  If Plaintiff was denied such access

pursuant to the "case-by-case" authorization, the Regulation permits

inmates to "challenge the Bureau's decisions under this section through the

Bureau's administrative remedy program[5] under 28 CFR part 542."  28

C.F.R. § 540.106(e).

Finally, granting or denying a motion for a preliminary injunction is a

decision within the discretion of the district court.  <u>Carillon Importers, Ltd. v.</u>

<u>Frank Pesce Intern. Group Ltd.</u>, 112 F.3d 1125, 1126 (11th Cir. 1997)

(citing <u>United States v. Lambert</u>, 695 F.2d 536, 539 (11th Cir. 1983)).

Preliminary injunctive relief may be granted only if the moving party

establishes four requirements:

> (1) a substantial likelihood of success on the merits;
>
> (2) a substantial threat of irreparable injury unless the injunction issues;
>
> (3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and
>
> (4) granting the injunction would not be adverse to the public interest.

---

[5] Notwithstanding that exhaustion of administrative remedies is an affirmative defense, it is unclear whether Plaintiff exhausted her available administrative remedies prior to seeking relief in this Court.  Plaintiff's complaint states that her request for video visitation was denied, ECF No. 1 at 2, but she also indicated that she had not yet received a response to her BP-11 grievance appeal which was submitted to the Central Office.  *Id.*  Plaintiff may have already been provided the relief she seeks which explains why nothing further has been received from Plaintiff.

Case No. 4:21cv52-WS-MAF

Keeton v. Anderson-Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon

Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson Cnty., 720

F.2d 1511, 1519 (11th Cir. 1983).  A preliminary injunction is an

extraordinary and drastic remedy and should not be granted unless the

movant "clearly carries the burden of persuasion" of all four prerequisites,

which is always upon the plaintiff.  Siegel v. LePore, 234 F.3d 1163, 1176

(11th Cir. 2000); Jefferson Cnty., 720 F.2d at 1519 (citing Canal Auth. v.

Callaway, 489 F.2d 567 (5th Cir. 1974)).

Here, there does not appear to be "a substantial threat of irreparable

injury" because Plaintiff is no longer housed at FCI Tallahassee and

subject to the authority of Warden Strong, the only Defendant named in this

case.  In addition, Plaintiff faces a difficult hurdle in demonstrating that she

has "a substantial likelihood of success on the merits" because her

complaint has been deemed to have been brought pursuant to *Bivens*, and

she seeks a policy change as relief, not monetary damages.  ECF No. 1 at

2.  The United States Supreme Court has explained "that a *Bivens* action is

not 'a proper vehicle for altering an entity's policy.'"  Ziglar v. Abbasi, 137 S.

Ct. 1843, 1860, 198 L. Ed. 2d 290 (2017) (quoting Corr. Servs. Corp. v.

Malesko, 534 U.S. 61, 74, 122 S. Ct. 515, 523, 151 L. Ed. 2d 456 (2001)).

Thus, for all the reasons provided above, it is recommended that Plaintiff's motion for a preliminary injunction, ECF No. 5, be denied.

## O R D E R

Accordingly, it is **ORDERED:**

1.  Plaintiff must <u>immediately</u> file a response which confirms that Plaintiff has received this Order and Report and Recommendation along with the prior Order, ECF No. 27, recently re-mailed to her.

2.  Plaintiff has until **September 24, 2021**, in which to file her opposition to the Defendant's amended motion to dismiss, ECF No. 25.

3.  Plaintiff shall immediately file a notice to the Clerk's Office in the event her address changes, she is transferred, or released from custody.

4.  Plaintiff must mail a copy of every pleading, motion, or other paper that is filed in this case to the attorney representing Defendant Strong. Plaintiff shall include with each original paper that is filed with the Clerk of the Court a "certificate of service" stating the date a correct copy of the paper was mailed to opposing counsel as required by Rule 5(d)(1).

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's motion for a preliminary injunction, ECF No. 5, be **DENIED**, and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on August 24, 2021.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.